**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2825
_____

YVETTE MADISON,
                                        Appellant

v.

MARSHA NEIFEILD, Judge;
DAVID SHUTTE;
CRIMINAL JUSTICE CENTER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 14-cv-02844)
District Judge:  Honorable Thomas N. O'Neill

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 22, 2014
Before:  FISHER, VANASKIE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 25, 2014)
_____

OPINION
_____

PER CURIAM

        Yvette Madison appeals from the District Court's dismissal of her complaint.  For

the following reasons, we will affirm the judgment of the District Court.

        In May 2014, Madison filed a pro se civil rights complaint pursuant to 42 U.S.C.

§ 1983 in the District Court against Philadelphia Municipal Court Judges Marsha Neifield and David Shuter, and the Criminal Justice Center (where the criminal division of the Philadelphia Municipal Court is located). She contended that Judges Neifield and Shuter discriminated against her in August 2010 when they ordered her arrest following her failure to appear for a scheduled court date. Madison asserted that she did not, in fact, fail to appear for a scheduled court date. Madison requested two million dollars in damages. The District Court dismissed the complaint with prejudice, citing the immunity of all defendants from Madison's § 1983 claims. Additionally, the District Court determined that Madison's claims were barred by the applicable statute of limitations. Madison timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under 28 U.S.C. § 1915(e)(2)(B). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court properly dismissed Madison's complaint. To the extent that Madison sought to bring claims for monetary damages against Judges Neifeld and Shuter because they ordered her arrest following her failure to appear for a court date, they are protected by the doctrine of judicial immunity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Nowhere did Madison allege that they were acting in a non-judicial capacity or in the complete absence of jurisdiction when they engaged in the alleged misconduct. See Figueroa v. Blackburn, 208 F.3d 435, 443-44 (3d Cir. 2000) (ordering a defendant to prison is a paradigm judicial act). Madison's apparent claim against the Philadelphia

2

Municipal Court is also ineffective because the Eleventh Amendment shields it from liability to suits brought in federal court.[1]  See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 235 n.1, 241 (3d Cir. 2005).  Finally, the District Court did not abuse its discretion in denying Madison leave to amend her complaint on the basis of futility.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997).[2]

Accordingly, we will affirm the District Court's judgment.

---

[1] Although Madison named the Criminal Justice Center as the defendant in the lawsuit, based on her allegations, it appears that she intended to name the Philadelphia Municipal Court as defendant.

[2] Because we affirm the District Court's dismissal of Madison's claims on these bases, we need not decide whether her claims are also time-barred.